*A. C. Smith,* for the prisoner.

---

## THE KING *vs.* AKANA.

### ON APPEAL.

### OCTOBER TERM, 1887.

JUDD, C.J., McCULLY, PRESTON and BICKERTON, JJ. FORNAN-DER, J., absent.

Upon a charge of selling intoxicating liquors without a license to M. and L. the evidence showed two sales—one to M. and one to L.

Held, the conviction was right.

OPINION OF THE COURT, BY JUDD, C.J.

This is an appeal from the District Court of Ewa, Oahu, on a point of law. It appears by the points sent up that the defendant was charged with the offense of selling intoxicating liquors without a license to Mikalemi and Lapela on the 15th of July, for the price of two dollars.

The charge actually made, as appears by the transcript in the Hawaiian language, was of selling rum (rum here being

used as the generic term for spirituous liquor) to Mikalemi and Lapela on the 15th July, 1887, at Waikele, Ewa, contrary to law.

The postion is taken by defendant's counsel that the charge alleged a joint sale to Mikalemi and Lapela, and the evidence disclosed two separate sales—one solely to Mikalemi, and another solely to Lapela, on the same day; and that the defendant is entitled to his discharge, because there is no evidence of a joint sale.

We are of opinion that this position is untenable. The charge as made in the Hawaiian language, as certified up by the magistrate, does not necessarily imply that the sale was made to the two men jointly.

We held *In Re Piipiilani, ante,* page 95, (following *Rex vs. Gillingham,* 2 Hawn., 751), that it is not necessary to specify in a charge the names of the persons to whom the liquor is alleged to have been sold, though, on objection by the defendant in the Court below, the charge could be made more specific.

But if one sale was alleged to have been made to the two men together, *i.e.,* jointly, it would be supported by proof of a sale to one of them. The essence of the offense is a sale without license, and whether the liquor was sold to one or to two, or to any number of persons, is of no importance, provided the fact of sale was established. Certainly, if only one sale was charged against the defendant, he cannot complain that he was convicted on the charge of one sale on the proof of two distinct sales.

The appeal is dismissed.

*A. P. Peterson,* for Crown.

*Smith* and *Kinney,* for defendant.